IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALOK SARIN,** | : | **CIVIL NO. 3:08-CV-1077** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | **(Magistrate Judge Prince)** |
| **POOJAN, INC. d/b/a ARBY'S,** | : | |
| **Defendant** | : | |

**M E M O R A N D U M**

Before the court is a report of the magistrate judge to whom this matter

was referred. The magistrate judge recommends that the defendant's motion for

summary judgment be granted on the issues of the wage discrimination claims and

on the Title VII disparate-treatment claim and denied on the title VII and PHRA

hostile work environment claim. The defendant has filed objections to the report and

recommendation to which the plaintiff has responded and the matter is ripe for

disposition.

On August 9, 2006, Sarin filed a complaint with the Pennsylvania

Human Relations Commission ("PHRC"), alleging harassment, discrimination, and

wrongful discharge on the basis of national origin. (Doc. 31-3.) In January 2007,

the PHRC made a finding of probable cause (doc. 14-3), and in September 2007,

issued a right-to-sue letter to Sarin.

The complaint that Sarin filed in federal court originally contained four

counts: Count I under Title VII claiming discrimination based on national origin;

Count II under the Pennsylvania Human Relations Act ("PHRA"), also claiming

discrimination based on national origin; Count III for common-law fraud; and Count

IV for unjust enrichment. Upon motion by the defendant, the court dismissed Counts III and VI of the complaint on December 22, 2008 (docs. 6 & 19).

On January 24, 2010, the defendant, Poojan, Inc., moved for summary judgment on the two remaining counts alleging racial discrimination (doc. 30). The two remaining counts consist of a disparate treatment claim and a hostile work environment claim.

The defendant's objections purportedly set forth disputes of fact and possible impeachment issues. However, these objections do not support a grant of summary judgment in the defendant's favor as to the Title VII and PHRA hostile work environment claim. These issues require a detailed factual inquiry by a jury to properly resolve this case.

The defendant argues that many of the racially tinged comments were not made directly to the plaintiff or were hearsay. This court will have to make appropriate evidentiary rulings at trial where all the evidence can be put in context. The court will adopt the report and recommendation of the magistrate judge and list the case for trial. An appropriate order will be issued.

    s/Sylvia H. Rambo
    United States District Judge

Dated: June 28, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALOK SARIN,** | : | **CIVIL NO. 3:08-CV-1077** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | **(Magistrate Judge Prince)** |
| **POOJAN, INC. d/b/a ARBY'S,** | : | |
| **Defendant** | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Prince.

2) The defendant's motion for summary judgment is granted in part and denied in part;

    a) summary judgment is granted on the wage discrimination and the disparate treatment claim; and

    b) summary judgment is denied on the hostile work environment claim.

3) The Clerk of Court shall defer the entry of the partial grant of summary judgment until the conclusion of this case.

4) A separate case management order listing the case for trial will be issued in the near future.

s/Sylvia H. Rambo
United States District Judge

Dated: June 28, 2010.