IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALOK SARIN,** | **CIVIL NO. 3:08-CV-1077** |
| Plaintiff | (Judge Rambo) |
| v. | |
| **POOJAN, INC. d/b/a ARBY'S,** | |
| Defendant | |

## **MEMORANDUM**

The only remaining claim in this federal civil rights case is Plaintiff, Alok Sarin's ("Sarin"), claim that he was subjected to a racially/ethnically hostile work environment by Defendant, Poojan, Inc. d/b/a Arby's ("Poojan"), his former employer, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Trial is scheduled for April 4, 2011. Pending are four motions in limine.

**I.**     **Background**

Because the court writes only for the parties, it will relay only those facts necessary to dispose of the currently pending motions. For a complete factual and procedural history, see Magistrate Judge Prince's Report and Recommendation dated April 30, 2010, (Doc. 42), and this court's order dated June 28, 2010, (Doc. 47), adopting that Report and Recommendation.

On August 9, 2006, Sarin filed a complaint with the Pennsylvania Human Relations Commission ("PHRC"), alleging harassment, discrimination, and wrongful discharge on the basis of national origin. (Doc. 31-3.) In January 2007, the PHRC made a finding of probable cause, (Doc. 14-3), and in September 2007, issued a right-to-sue letter.

Sarin filed a complaint in federal court containing four counts: Count I under Title VII claiming discrimination based on national origin; Count II under the Pennsylvania Human Relations Act ("PHRA"), also claiming discrimination based on national origin; Count III for common-law fraud; and Count IV for unjust enrichment. Upon motion by Poojan, the court dismissed Counts III and IV of the complaint on December 22, 2008. (Docs. 6 & 19.)

On January 24, 2010, Poojan moved for summary judgment on the two remaining counts. The two remaining counts consisted of a disparate treatment claim and a hostile work environment claim. The court granted summary judgment on the disparate treatment claim, but denied summary judgment on Sarin's hostile work environment claim. (*See* Docs. 42 & 47.) The hostile work environment claim is scheduled to proceed to trial on April 4, 2011.

**II.      Discussion**

Before the court are four motions in limine: (1) Plaintiff's motion in limine to preclude Defendant from referencing affirmative defense number 10, (Doc. 49); (2) Plaintiff's motion in limine to preclude Defendant from referencing any evidence relating to Plaintiff's termination which was obtained after he was terminated, (Doc. 51); (3) Defendant's motion in limine to preclude evidence relating to previously dismissed claims, including evidence related to lost pay and benefits, (Doc. 53); and, (4) Defendant's motion in limine to preclude evidence related to the findings by the Pennsylvania Human Relations Commission, (Doc. 55). These motions have been briefed by the parties, and are ripe for disposition.

### A. **Plaintiff's motion in limine regarding affirmative defense number 10**

In response to Sarin's complaint, Poojan filed an answer that included eleven affirmative defenses. Sarin seeks to preclude Poojan's assertion of its tenth affirmative defense: that "Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to avoid harm otherwise." (Doc. 23, Affirmative Defenses, ¶ 10.) Specifically, Sarin argues that this affirmative defense is only available to a defendant who has *not* taken a tangible employment action against a plaintiff, and because Sarin was terminated by Poojan it cannot maintain this defense. Poojan does not dispute that the defense is unavailable where a tangible employment action resulted from a hostile work environment; instead, it argues that no tangible employment action occurred in this case because Sarin's termination resulted not from a violation of Title VII, but rather, solely from the actions of Sarin.

In *Faragher v. City of Boca Raton*, 524 U.S. 775, 808 (1998), the Supreme Court clarified that employers — like Poojan — are vicariously liable for supervisory harassment that culminates in a tangible employment action such as discharge, demotion, or undesirable reassignment. But if there is no tangible employment action, the employer has an affirmative defense if it can prove two elements: "(a) that the employer exercised reasonable care to prevent and correct promptly any [harassing] behavior, and (b) that the . . . employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998). The burden of establishing this defense is the employer's, and it is not an element of the plaintiff's case. *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152 (3d Cir. 1999).

Based on the currently established record, the court cannot conclude, at this stage, that Poojan should be precluded from asserting this defense. The defense is available to Poojan if the evidence at trial suggests that Sarin suffered no "tangible employment action." As described in *Faragher*, a "tangible employment action" refers to an employment action that culminated directly from the hostile work environment. *Faragher*, 524 U.S. at 808. If Poojan can successfully convince the jury that Sarin was fired solely because of his own behavior, unrelated to the hostile work environment claim, the defense remains available. However, if the jury concludes, after hearing all of the evidence, that Sarin was fired as a consequence of the hostile work environment— or that he was constructively discharged because of the hostile work environment — then the defense is unavailable.

Ultimately, it is for the jury to decide why Sarin was terminated. A carefully worded jury instruction, and an appropriately tailored verdict slip with jury interrogatories, will ensure that the jury considers these issues *ad seriatim* so as not to reach the issue of whether the affirmative defense is available before it reaches the preliminary determination as to whether Sarin was terminated as a consequence of a hostile work environment. Accordingly, Sarin's motion in limine will be denied.

**B.** **Plaintiff's motion in limine to preclude Defendant from referencing evidence related to his termination after he was terminated**

In his second motion, Sarin argues that Poojan should not be permitted to introduce the testimony of Lori Shoop or Bryan Anderson, two former employees of the restaurant in which Sarin was the manager. As to Lori Shoop, Sarin argues that she made a written statement about her observations of Sarin on or about September 20, 2006, nearly two months after Sarin was terminated, and that the statement recounted her observations of Sarin's misconduct prior to his termination. Sarin argues that Bryan Anderson similarly made a written statement about his

observations of Sarin's behavior, and that this statement was written after Sarin was fired but concerned events that occurred while Sarin was employed by Poojan. According to Sarin, these statements violate the doctrine of after-acquired evidence.

Under the doctrine of after-acquired evidence, evidence of an employee's wrong-doing that was acquired after the employee is terminated can operate to reduce the employee's recoverable damages if the employer establishes that "the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of discharge." *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362-63 (1995). To invoke this doctrine, a defendant must demonstrate that it was unaware of the alleged misconduct at the time of termination, and that the misconduct was of such severity to justify discharge and that the defendant, in fact, would have discharged the plaintiff. *Id.*

In its brief in opposition to this motion, Poojan asserts that it's owner, Robert Popp, relied on the information contained in these statements, or similar information, that were made *prior* to Sarin's termination, and that he asked these individuals to memorialize their observations in writing. Poojan argues that the fact that these memoranda were written after Sarin was terminated is immaterial, and does not constitute after-acquired evidence because it merely served to record information which formed the basis of Sarin's termination. In support of its position, Poojan cites testimony from the depositions of Lori Shoop, Bryan Anderson, and Robert Popp. (*See* Doc. 67, Def.'s Br. in Opp'n at 3-5 (citing deposition testimony on the record in support of Def.'s Mot. for Summ. J.).)

Based on the information and evidence provided by the parties, the court will not preclude the testimony of Lori Shoop or Bryan Anderson. There is no indication that Poojan only learned of their observations about Sarin's behavior after

5

his termination, and only now seeks to use their testimony to serve as a *post hoc* rationalization for his termination. Instead, the evidence cited by Poojan supports its position that Robert Popp learned about Sarin's behavior prior to his termination, and, thus, the testimony by these individuals is relevant to Poojan's defense that it had a legitimate basis to terminate Sarin's employment. It is for a jury to weigh the credibility of the testimony of all of the witnesses, and nothing in Sarin's motion leads the court to believe that the testimony of Lori Shoop or Bryan Anderson would be irrelevant to these proceedings. Accordingly, Sarin's motion in limine to preclude these witnesses from testifying will be denied.

### C. Defendant's motion in limine to preclude evidence relating to previously dismissed claims, including evidence related to lost pay and benefits

Poojan seeks to preclude Sarin from introducing any evidence concerning lost wages or benefits, as well as any evidence relating to the statements made on Sarin's immigration forms. Poojan argues that Sarin did not seek lost wages and benefits in relation to his hostile work environment claim, and, thus, any evidence relative to these issues is irrelevant. Sarin argues that these claims are not irrelevant because the evidence at trial will demonstrate that the work environment was so hostile that Sarin was discharged, and, that even if he were not, he would have been forced to abandon his job, and, thus, he is entitled to claim lost pay and benefits.

The court will not preclude Sarin's claim for lost pay and benefits at this time. It is an open question for the jury to determine whether Sarin's work environment was so hostile that it contributed to his termination and/or that he was forced to abandon his job. Lost pay, or back pay, is a remedy available to a prevailing Title VII plaintiff, and is appropriate where the plaintiff establishes that "the discrimination was . . . found to have some concrete effect on the plaintiff's

employment status, such as . . . termination." *Landgraf v. USI Films Prods.,* 511 U.S. 244, 254 (1994). However, a plaintiff cannot recover lost pay for a hostile work environment claim absent actual or constructive discharge. *See Spencer v. Wal-Mart Stores, Inc.,* 469 F.3d 311, 317 (3d Cir. 2006) ("[A] successful hostile work environment claim alone, without a successful constructive [or actual] discharge claim, is insufficient to support a back pay award.").

In support of its motion, Poojan points to this court's adoption of Magistrate Judge Prince's Report and Recommendation, which recommended summary judgment in favor of Poojan on Sarin's unlawful discharge claim. Poojan reads this opinion too broadly. In his Report and Recommendation, which was adopted by this court, Magistrate Judge Prince found that Poojan had articulated a sufficient non-discriminatory reason for Sarin's termination and that Sarin had failed to come forward with evidence sufficient to rebut this reason. (*See* Doc. 42, Apr. 30, 2010, Report and Recommendation at 16-21.)

At the same time, Magistrate Judge Prince concluded that the evidence was sufficient to allow a reasonable jury to conclude that Sarin's work environment was objectively hostile and that Sarin was affected by the environment. (*Id.* at 21-26.) While Magistrate Judge Prince focused his attention on the effect that the alleged hostile work environment had on Sarin outside of termination, the fact remains that, in his complaint, Sarin sought damages because of his termination both as a result of alleged intentional conduct on the part of Poojan, as well as due to Robert Popp's creation of an allegedly hostile work environment. In his complaint, Sarin alleges that the hostile work environment was the causal factor — and, thus, it had a "concrete effect on" — his termination. (*See* Doc. 1, Compl. ¶¶ 51-61.) Also, contrary to the assertion of Defendant, Sarin sought damages for lost pay and benefits because his unlawful termination resulted from a hostile work environment.

(*Id.* ¶ 58.) Thus, the reason for Sarin's termination is an open question, at least as it relates to Sarin's hostile work environment claim.

The court sees no basis to preclude Sarin from presenting evidence at trial concerning lost pay and benefits. Sarin must demonstrate at trial not only that a hostile work environment existed, but also that, as a result of his hostile work environment, he was terminated and/or quit because Poojan knowingly permitted a condition of discrimination so intolerable that a reasonable person subject to it would resign. If he is successful in doing this, he is entitled to an equitable award of back pay at the discretion of the court. *See Spencer*, 469 F.3d at 315 (finding that back pay is an equitable remedy awarded at the "discretion of the court"). It is for the jury to weigh the evidence and decide whether a hostile work environment existed, and, if so, whether it was so pervasive that Sarin was terminated or forced to quit. If the jury makes this finding, the court will then make a determination as to whether back pay is appropriate, and, if so, how much should be awarded. A carefully crafted jury instruction will instruct the jury that it is the court's job to award monetary compensation in the form of lost or back pay, but it is the jury's job to determine whether a hostile work environment existed that caused Sarin's termination. Accordingly, the court will not preclude evidence of lost wages at trial. This information will be essential to the court's determination of an appropriate remedy in the event that Sarin prevails.

The court will, however, preclude Sarin from introducing any evidence concerning statements made by Robert Popp, or others acting on behalf of Poojan, on Sarin's immigration forms. The court previously dismissed these claims because they were precluded by provisions of the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* (*See* Doc. 19, Order dated Dec. 22, 2008.) Thus, these claims are no longer at issue and the facts underlying the claims are wholly separate from, and,

thus, irrelevant to, the sole remaining claim that Sarin was subjected to a hostile work environment because of his national origin. Accordingly, Sarin will be precluded from introducing any evidence on these issues.

Thus, the court will grant in part and deny in part Defendant's motion in limine to preclude evidence of previously dismissed claims. The court will deny this motion as it relates to evidence of back pay and other benefits. Sarin will be permitted to present this evidence at trial. The court will grant the motion as it relates to any evidence about alleged misstatements and/or fraud concerning Sarin's immigration forms.

### D. Defendant's motion in limine to preclude evidence related to the PHRC's findings

In its second motion in limine, Poojan seeks to preclude evidence relating to the PHRC's findings. In support, Poojan argues that the findings of the PHRC should be precluded because they lack trustworthiness and are inadmissible hearsay. Alternatively, Poojan argues that the findings should be excluded as inherently prejudicial pursuant to Federal Rule of Evidence 403.

Federal Rule of Evidence 803(8) excludes the following items from the hearsay bar:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

FED. R. EVID. 803(8). It is widely held that "prior administrative findings made with respect to an employment discrimination claim may be admitted" pursuant to Rule

803(8)(C). *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1341 (3d Cir. 2002) (*citing Chandler v. Roudebush*, 425 U.S. 840, 863 n. 39 (1976)). To rebut this presumption of admissibility, the opposing party must establish enough negative factors to persuade a court that the report should not be admitted. *In re Nautilus Motor Tanker Co.*, 85 F.3d 105, 113 (3d Cir. 1996). The principal basis for excluding government reports under Rule 803(8)(C) is untrustworthiness. *Coleman*, 306 F.3d at 1341-42. Here, Poojan argues that the court should exclude the PHRC's findings because they are untrustworthy and include significant errors. However, even if a report is admitted under Rule 803(8), a trial court can still exclude it as prejudicial under Rule 403. *Id.* at 1335.

Even if the court were to conclude that the PHRC's findings were admissible pursuant to the hearsay exception found in Rule 803(8), the court concludes that the findings are unduly prejudicial and cumulative, and, thus, will be excluded pursuant to Rule 403. If the PHRC's findings come into evidence, it will be a sideshow that distracts the jury and lengthens the trial. In effect, it will become a trial within a trial. The report is not binding on the jury, and Poojan will have to spend a substantial amount of time discrediting the investigation, which will needlessly extend the trial. In contrast, Sarin's case will parallel the ground covered by the PHRC's findings, and he does not contend that evidence presented to the PHRC cannot be presented through first-person witnesses or other documents. Therefore, there is no prejudice to Sarin in excluding this information. Even with a limiting instruction, it would be overly prejudicial to Poojan to inform the jury that a governmental body found reasonable cause to believe that discrimination had occurred, yet this decision is not binding upon them. Accordingly, the court will grant Poojan's motion and will exclude the report.

**IV.	Conclusion**

In accordance with the foregoing, the court will deny both of Plaintiff's motions in limine. (Docs. 49 & 51.) The court will grant in part and deny in part Defendant's motion in limine to preclude evidence relating to previously dismissed claims. (Doc. 53.) Specifically, the court will deny the motion as to Plaintiff's claims for lost pay and benefits, but will grant the motion as to any evidence concerning alleged misstatements on Plaintiff's immigration forms. Finally, the court will grant Defendant's motion to preclude any evidence relating to the PHRC's findings. (Doc. 55.) An appropriate order will follow.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: December 29, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALOK SARIN,** | : | CIVIL NO. 3:08-CV-1077 |
| **Plaintiff** | : | |
| | : | (Judge Rambo) |
| v. | : | |
| **POOJAN, INC. d/b/a ARBY'S,** | : | |
| **Defendant** | : | |

## **O R D E R**

In accordance with the attached memorandum of law, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's motion in limine to preclude Defendant from referencing affirmative defense number 10, (Doc. 49), is **DENIED;**

(2) Plaintiff's motion in limine to preclude Defendant from referencing any evidence relating to Plaintiff's termination obtained after he was terminated, (Doc. 51), is **DENIED**;

(3) Defendant's motion in limine to preclude evidence relating to previously dismissed claims, including evidence related to lost pay and benefits, (Doc. 53), is **GRANTED IN PART AND DENIED IN PART** as follows:

    (a) the motion is **GRANTED** as to any evidence relating to the alleged misstatements made on Plaintiff's immigration forms; and,

    (b) is **DENIED** in all other respects; and,

(4) Defendant's motion in limine to preclude evidence related to the findings by the Pennsylvania Human Relations Commission, (Doc. 55), is **GRANTED**.

                                                            s/Sylvia H. Rambo  
                                                           SYLVIA H. RAMBO  
                                                           United States District Judge

Dated: December 29, 2010.